<u>UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK</u>

OTIS SIMMONS,

                               Plaintiff,

-against-                                            5:22-CV-00757 (LEK/TWD)

WILLIAM J. FITZPATRICK, *et al.*,

                               Defendants.

## **MEMORANDUM-DECISION AND ORDER**

**I.     INTRODUCTION**

On July 20, 2022, pro se plaintiff Otis Simmons commenced this action, asserting claims under 42 U.S.C. § 1983 against William J. Fitzpatrick, Onondaga County District Attorney, and the Honorable William Wash, New York Supreme Court Judge (together, "Defendants"). Dkt. No. 1 ("Complaint"). Plaintiff then sought leave to proceed in forma pauperis ("IFP"), Dkt. No. 2 ("IFP Application"), and filed a motion for appointment of counsel, Dkt. No. 4. On July 29, 2022, the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, granted Plaintiff's IFP Application for the purposes of reviewing the sufficiency of his Complaint under 28 U.S.C. §§ 1915(e)(2)(B), 1915A. Dkt. No. 5 ("Report-Recommendation") at 2. The Magistrate Judge also recommended that the Court sua sponte dismiss the Complaint without prejudice and without leave to amend, and deny Plaintiff's motion for appointment of counsel without prejudice as moot. <u>Id.</u> No party has objected to the Report-Recommendation. <u>See generally</u> Dkt. For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.    STANDARD OF REVIEW**

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings

and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). De novo review "does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 406 (S.D.N.Y. 2002).

However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need only review that aspect of a report-recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."); New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009))). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Federal Bureau of Prisons, 368 F.Supp.3d 741, 744 (S.D.N.Y. 2019). A district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report

and recommendation that could have been raised before the magistrate but were not." (internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III.  DISCUSSION

No party objected to the Report-Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report-Recommendation for clear error. Having found none, the Court approves and adopts the Report-Recommendation in its entirety.

## IV.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED without prejudice** and **without leave to amend**; and it is further

**ORDERED**, that Plaintiff's motion for appointment of counsel (Dkt. No. 4) is **DENIED without prejudice as moot**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 13, 2022
         Albany, New York

LAWRENCE E. KAHN
United States District Judge